IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.                                                                        Case No.  5:16-CR-167 (NAM)

ANTHONY PENREE,

                              **Defendant.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the court sentence the defendant to a term of incarceration within the guideline imprisonment range of 10 to 16 months, with a term of supervised release of three years following any term of incarceration imposed.  Additionally, the government requests that the court order the defendant to pay $39,820 in restitution to the victim.

    **I.**      **INTRODUCTION**

On January 17, 2017, the defendant entered a guilty plea to the single-count Indictment charging one count of Computer Fraud in violation of 18 U.S.C. § 1030(a)(5)(A).  The defendant is scheduled to be sentenced on June 20, 2017.

## II. APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### 1. Statutory Maximum Sentences

The defendant's conviction for Computer Fraud, in violation of 18 U.S.C. § 1030(a)(5)(A) subjects the defendant to a statutory maximum term of ten years imprisonment; a maximum term of supervised release of three years, *see* 18 U.S.C. § 3583; and a fine of $250,000. *See* 18 U.S.C. § 3571. The defendant is required to pay a special assessment of $100, due and payable at or before sentencing. *See* 18 U.S.C. § 3013.

### 2. Guidelines Provisions

#### a. Plea Agreement

The parties agreed that the base offense level is six, pursuant to U.S.S.G. § 2B.1.1(a). The parties agreed that the loss exceeded $15,000 but did not exceed $40,000, and that four levels are added to the base offense level pursuant to U.S.S.G. § 2B.1.1(b)(1)(C). The parties further agreed that as the defendant's conviction was pursuant to 18 U.S.C. § 1030(a)(5)(A), four levels would be added following U.S.S.G. § 2B1.1(b)(18)(A)(ii). The defendant waived his right to appeal any sentence to a term of imprisonment of sixteen months or less.

The United States does not endorse any recommendations in the presentence report that are inconsistent with these stipulations or other provisions in the plea agreement.

#### b. Offense Level

Under the federal sentencing guidelines, the base offense level for the defendant's conviction is six. See U.S.S.G. § 2B1.1(a)(2). That level should be increased by eight levels as a result of the following Chapter Two specific offense characteristics: four levels for the value of the loss pursuant to U.S.S.G. § 2B1.1(b)(1)(C) and four levels for the conviction for Computer Fraud pursuant to U.S.S.G. § 2B1.1(b)(18)(A)(ii).

    **c.**    **Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

    **d.**    **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

    **e.**    **Guidelines Range and Sentence**

As described above, the total offense level is 12 and the criminal history category is I. This is consistent with the calculations in the presentence report.  As a result of the above-described calculations, absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 10 to 16 months imprisonment; a fine of $3,000 to $30,000; and a supervised release term of not more than three years.

**III.**    **GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a term of incarceration within the guideline imprisonment range of 10 to 16 months, with a term of supervised release of three years following any incarceration.  Additionally, the government requests that the court order the defendant to pay $39,820 in restitution to the victim.  As the defendant has agreed to the payment of restitution, the government is not seeking the imposition of a fine.  The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

RCIL is a non-profit social services organization that provides services to adults, senior citizens, youth, and disabled persons. *See* PSR ¶4. The defendant worked for RCIL as an information technology administrator until July 16, 2015, when he was terminated following a suspension due to a sexual harassment complaint. *Id.* RCIL notified the defendant that he no longer had permission to access RCIL's computer infrastructure. On the day his employment was terminated by RCIL, the defendant remotely accessed RCIL's computer server. Two days later the defendant again remotely accessed RCIL's server and began deleting files that ran RCIL's email server and financial databases used to manage transactions from RCIL to vendors and clients. *See* PSR ¶5. RCIL contracted with the North East Cybersecurity and Forensics center to try to recover data and to determine the extent and cause of the breach of RCIL's computer network. *Id.* The forensic examination determined that the intrusion into RCIL's computer network resulted in approximately 4,778 GB of data deleted from the server hard drives. *Id.*

When interviewed by the FBI, the defendant initially denied the cyber intrusion at RCIL. However, when confronted with the evidence, the defendant admitted that he did access RCIL's computer system because he was "pissed" and was "extremely upset" over his treatment at RCIL. *Id.* at ¶8-9. As a result of the defendant's actions, RCIL sustained a financial loss of $39,820. *Id.* at ¶10.

The defendant's actions were deliberate.  As he was the person who designed the computer infrastructure, he knew (better than anyone else) how to access it and cause harm to RCIL.  Motivated by anger, he acted with complete disregard for the clients serviced by RCIL.  The defendant's actions caused a measurable harm to RCIL.  Consequently, a sentence within the guidelines range is appropriate.

Dated:  May 30, 2017                              Respectfully submitted,

                                            RICHARD S. HARTUNIAN
                                            United States Attorney

                    By:     /s/  Tamara B. Thomson
                            Tamara B. Thomson
                            Assistant United States Attorney
                            Bar Roll No. 515310